UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF Louisiana

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
MAY - 9 2005
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | Criminal Action |
| | * | No. 03-355 |
| Plaintiff, | * | |
| | * | Section "K" |
| v. | * | |
| | * | New Orleans, Louisiana |
| DAMON LANDOR, | * | July 7, 2004 |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * *

SENTENCING,
BEFORE THE HONORABLE STANWOOD R. DUVAL, JR.,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:            United States Attorney's Office
                               By:  DUANE EVANS, ESQ.
                               Hale Boggs Federal Building
                               501 Poydras Street, Room 210
                               New Orleans, Louisiana 70130

For the Defendant,             Law Office of Dane S. Ciolino
Damon Landor:                  By:  DANE S. CIOLINO, ESQ.
                               526 Pine St., 4th Floor
                               New Orleans, Louisiana 70185

Probation Officer:             Cindy Arnold

Court Audio Operator:          Betty DiMarco

Transcriptionist:              Dorothy Bourgeois
                               c/o U.S. District Court
                               500 Poydras Street, Room C151
                               New Orleans, Louisiana 70130
                               (504) 589-7721

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

1                    **P R O C E E D I N G S**

2                      (Wednesday, July 7, 2004)

3                      (Matter is called by Clerk)

4            MR. CIOLINO:  Good morning, Your Honor; Dane Ciolino,

5    appointed counsel for Damon Landor, who is present in court.

6            MR. EVANS:  And, good morning, Your Honor; Duane

7    Evans on behalf of the United States.

8            THE COURT:  Good morning.  The Court notes that the

9    defendant is present and that counsel for the defendant and the

10   government have made their appearance for the record.

11           This matter is before the Court for sentencing.  Is

12   there any reason why sentence should not be imposed at this

13   time?

14           MR. CIOLINO:  Your Honor, a few issues arose this

15   morning as I was speaking with Mr. Landor.  I had talked to

16   Mr. Landor a couple of weeks ago and he indicated to me that he

17   didn't have any objections to anything in that PSI.

18           However, this morning he did point out a typo that I

19   discussed with the Probation Officer, Ms. Arnold, who is also

20   present in court, that this typo does appear on Page 11 of the

21   PSI, at Paragraph Number 64.

22           As to that paragraph, the third column in, there's a

23   date that says "5/4/98."  It should read "5/14/98," and I

24   believe that the Probation Officer agrees that that was a typo.

25           MS. ARNOLD:  Actually, Your Honor, it's on

Case 2:03-cr-00355-EEF   Document 439   Filed 05/09/05   Page 3 of 14

3

1    Paragraph 59, Page 10 it reads May 14th.

2            THE COURT:  Right.  I was having trouble finding it.

3    Okay, I see -- in case deferred to "5/14," it should be "5/4"?

4            MS. ARNOLD:  It should be "5/4."  I think

5    Mr. Ciolino --

6            MR. CIOLINO:  Oh, I'm sorry.

7            MS. ARNOLD:  And, he is correct, that is a

8    typographical error.

9            THE COURT:  All right, that's Page 10, Paragraph 59.

10           MS. ARNOLD:  It does not impact the guidelines,

11   however, Your Honor.

12           MR. CIOLINO:  Right.  And, also, Your Honor, I had

13   discussed this morning with Mr. Landor his objection -- on

14   Page 10, Line 53 -- to receiving a one criminal history point

15   for a conviction that he says did not occur.  I did review the

16   certified copies of that judgment and conviction, and the

17   documents seem to reflect that it occurred, and I don't have a

18   good faith basis for challenging it this morning, but

19   Mr. Landor still has a problem with it.

20           THE COURT:  That's noted.  It impacts the guideline

21   range, perhaps, but since we have a mandatory minimum that

22   exceeds that guideline range, it's rather academic, --

23           MR. CIOLINO:  Correct, Your Honor.

24           THE COURT:  -- at this point.

25           MR. CIOLINO:  Correct, Your Honor.

1          And, finally, on Page 10 and Page 11 of the PSI,
2   Mr. Landor has an objection to getting three criminal history
3   points at both Paragraph 59 and Paragraph 64, because he pled
4   guilty to those charges the same day.
5          I have checked the police reports and the certified
6   copies of the convictions, and I'm personally satisfied that
7   this guideline computation was done correctly, because there
8   were two separate arrests and, under the guidelines, are to be
9   counted separately.
10         And again, as Your Honor has already noted, this is
11  an academic issue, given that there is a ten year mandatory
12  statutory minimum.  So, whether he gets the three points or not
13  -- for purposes of computing his sentence -- are irrelevant.
14         But, Mr. Landor did raise those with me this morning.
15  I have pointed out, I believe, all of Mr. Landor's objections
16  to the PSI.
17         THE COURT:  The Court notes the objections, --
18         MR. CIOLINO:  Thank you, Judge.
19         THE COURT:  -- and receives them for whatever legal
20  relevance they have.
21         Other than those comments, is there any reason why we
22  should not impose sentence at this time?
23         MR. CIOLINO:  It's up to Mr. Landor, Your Honor.  I
24  don't have any personal -- I personally don't see any issues
25  that need to be resolved, but I'm happy, if Mr. Landor would

1   like to discuss them more, to do that.

2         MS. ARNOLD:  Your Honor, could I just approach one

3   moment?

4         THE COURT:  You may.  I guess we ought to have

5   everybody up here.

6   **(At side bar)**

7         MS. ARNOLD:  Again, as Dane said, I think his client,

8   with short order, advised him of his objections, Judge, and we

9   noted them for the record, but I'm wondering if we don't have

10  to have some ruling on them, since they are objections, as to

11  whether or not the Court is --

12        MR. CIOLINO:  And, again, Judge, I apologize for

13  raising them this morning, but he did tell me -- he's been a

14  very difficult client all along, as everybody here can

15  attest, --

16        MR. EVANS:  And, he's raised these issues this

17  morning, Your Honor.  I'll attest to that.  Everything was

18  sailing smoothly until this morning.

19        MS. ARNOLD:  I mean, I do have the certified

20  documents pertinent to each of these arrests and each of these

21  convictions, Judge, as Dane indicated, and he has had the

22  opportunity to review them, as well as Duane.

23        THE COURT:  I can certainly rule on them.  They just

24  have no meaning in the real world.  But, maybe in the people

25  world, it does.

1         MR. CIOLINO:  Right; correct.
2         THE COURT:  I can do that from a purely
3    administrative standpoint.
4         MS. ARNOLD:  I just think -- he may well, extraneous
5    of current counsel, at some point, appeal the sentence,
6    independently, at some juncture, and they are objections.
7         THE COURT:  Well, he'll have to hope congress is
8    going to --
9         MR. CIOLINO:  Yes, Your Honor.
10   **(Side bar concluded)**
11        THE COURT:  Although the objections do not impact the
12   guidelines, and I understand Mr. Landor's objections, in that
13   he pleaded the same day, but because the guidelines -- because
14   there are separate pleas and separate crimes, the guideline
15   calculation would be correct.
16        And, again, I note it does not affect the sentence,
17   because congress has imposed a statutory minimum, which exceeds
18   the guideline range.
19        MR. EVANS:  Correct, Your Honor.
20        THE COURT:  But, for the record, I'm going to
21   overrule any objection to the computation of the criminal
22   history points.
23        Now, Mr. Landor, is there any -- or anyone -- is
24   there any reason why we should not proceed with this
25   sentencing?

1        DEFENDANT LANDOR:  No, sir.

2        MR. CIOLINO:  Excuse me, Your Honor.  He has a
3   question for me.

4        THE COURT:  Yes.

5    (Pause)

6        MR. CIOLINO:  Your Honor, just for the record,
7   Mr. Landor asked me a question about his state court parole and
8   whether this sentence is going to be consecutive to that.  I
9   explained to him, Your Honor, that this Court is going to
10  impose sentence today.  That federal sentence will be executed,
11  and it will not be consecutive to anything to happens in state
12  court.

13       However, what happens in state court with a state
14  judge is something that only the state court judge can impose,
15  and you have no authority to rule in that area.

16       THE COURT:  That's correct.  Well stated,
17  Mr. Ciolino.

18       Does anyone from Probation or the U.S. Attorney's
19  Office have any disagreement with that?

20       MR. EVANS:  No, Your Honor.

21       MS. ARNOLD:  No, Your Honor.

22       THE COURT:  It seems to be correct.

23       Mr. Landor, are you understanding what your attorney
24  just stated?

25       DEFENDANT LANDOR:  Yes, sir.

1        THE COURT:  Are we ready to proceed?

2        DEFENDANT LANDOR:  Yes, sir.

3        THE COURT:  Mr. Landor, you've obviously received a
4 copy of the Pre-Sentence Investigation Report, and have you had
5 an opportunity to read it and go over it with your attorney?

6        DEFENDANT LANDOR:  Just a few minutes ago.

7        THE COURT:  Are there any errors, corrections or
8 alterations or additions which you wish to make to it, other
9 than what we've talked about today?

10       DEFENDANT LANDOR:  No, sir.

11       THE COURT:  Although the defendant did have
12 objections and the Court has ruled on the objections, the
13 defendant did not have objection to the report that would
14 affect the sentencing range, although it might affect the
15 guideline range.

16       I, therefore, find the Pre-Sentence Investigation
17 Report to be accurate and uncontested, and I adopt the
18 guideline calculations and reasons for sentencing set forth in
19 that report as my own, except for the correction in the
20 typographical error that we discussed earlier.

21       The sentencing guidelines in your case provide for:

22       A term of imprisonment of not less than 120 months;

23       A term of supervised release of not less than eight
24 years;

25       A fine of not less than $10,000, but not more than

1  $4 million;

2          A special assessment of $100;

3          And, an additional fine sufficient to pay for the
4  cost to the government of any imprisonment, probation or
5  supervised release ordered by the Court.

6          Mr. Landor, do you have anything to say or offer in
7  mitigation of punishment, before I impose sentence?  And, I'll
8  let your counsel talk, as well, if he wishes.  But, would you
9  like to say anything?

10         DEFENDANT LANDOR:  No, sir.

11         THE COURT:  Counsel?

12         MR. CIOLINO:  No, Your Honor.  As you've already --

13         Excuse me, Your Honor, Mr. Landor has a question.

14    (Pause)

15         MR. CIOLINO:  Your Honor, all Mr. Landor would
16 request, and I make this request on his behalf, is we
17 understand that the Bureau of Prisons is going to make a
18 determination of which institution Mr. Landor will be committed
19 to, but if Your Honor could make a recommendation -- which we
20 all understand would be non-binding -- that he be committed to
21 an institution somewhere in the southeast region, so his family
22 would have access to him, it would be appreciated.

23         THE COURT:  I shall do that.  And, I'm also going to
24 recommend, while I'm recommending, that the Bureau provide
25 Mr. Landor with job training, since he has evidenced an

1   interest in that, and that he also be given the 500-hour drug

2   treatment program, as well.

3           I'm going to adopt your recommendation that he be

4   incarcerated within the southeast region.

5           It should be noted, apparently, that he does have

6   certain medical difficulties, and that should be noted, as

7   well.  I'm sure it's in the PSR and will be noted by the Bureau

8   of Prisons.  As I understand it, he has a seizure disorder that

9   should be treated appropriately.

10          MR. CIOLINO:  Thank you, Your Honor.

11                     *   *   *   *   *

12                          **SENTENCE**

13                     *   *   *   *   *

14          THE COURT:  Pursuant to the Sentencing Reform Act of

15  1984, it is the judgment of the Court that the defendant, Damon

16  Landor, is hereby committed to the custody of the Bureau of

17  Prisons, to be imprisoned for a term of 120 months as to

18  Count 1.

19          Upon release from imprisonment, the defendant shall

20  be placed on supervised release for a term of eight years, as

21  to Count 1.

22          Within 72 hours of release from the custody of the

23  Bureau of Prisons, the defendant shall report, in person, to

24  the Probation Office in the district to which the defendant is

25  released.

1      While on supervised release, the defendant shall

2 comply with the mandatory and standard conditions that have

3 been adopted by this Court, and shall not possess a firearm.

4      The following special conditions are imposed:

5      The defendant shall participate in an orientation and

6 life skills program, as directed by the Probation Office;

7      The defendant shall participate in a program of

8 testing and/or treatment for drug abuse, as directed by the

9 Probation Office, until such time as the defendant is released

10 from the program by the Probation Office.

11      The defendant shall contribute to the cost of such

12 treatment, to the extent that the defendant is deemed capable

13 by the Probation Officer.

14      The defendant shall participate in a program of

15 mental health treatment, as directed by the Probation Office,

16 until such time as the defendant is released from the program

17 by the Probation Office.

18      The Court finds that the defendant does not have the

19 ability to pay a fine and will waive the fine in this case.

20      It is further ordered that the defendant shall pay to

21 the United States a special assessment of $100, which shall be

22 due immediately.

23           *   *   *   *   *

24      THE COURT:  Sir, I have sentenced you to 120 months,

25 because congress has mandated me to do so, and that is the

1   statutory minimum.

2          MR. CIOLINO:  Thank you, Judge.

3          THE COURT:  One other thing:  The Pre-Sentence
4   Investigation Report, except the Probation Officer's
5   confidential sentencing recommendation, shall be made a part of
6   the record and filed under seal.

7          There is a motion in this case, is there not?

8          MR. EVANS:  Yes, Your Honor.  At this time, the
9   government would move to dismiss Counts 1 and 3 of the original
10  Indictment, in the case of Mr. Landor, and also the government
11  will provide a supplemental motion granting Mr. Landor his
12  extra point for accepting responsibility.  One hasn't been
13  submitted to Your Honor, as of this time.

14         THE COURT:  I grant the motions made now and, of
15  course, intend to grant the one that would be made in the
16  future.

17         MR. EVANS:  Yes, Your Honor.

18         THE COURT:  At this time, I wish to advise you that
19  you've waived your right to appeal your sentence and conviction
20  in this matter, except that you may appeal your sentence if you
21  can show you were deprived of certain constitutional rights,
22  including the effective assistance of counsel.

23         Otherwise, you have no right to appeal.  And, as part
24  of your plea, you have waived the post-conviction remedies
25  afforded you, pursuant to 28 USC 2255.  You have no right to

1  appeal the sentence I impose, because it neither exceeds the
2  statutory maximum nor constitutes an upward departure.
3                The defendant is remanded to custody.
4                        *    *    *    *    *
5                        (Hearing is Concluded)

1

## C E R T I F I C A T E

      I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

_____             5/6/05
Dorothy M. Bourgeois                                           Date