UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 03-355 |
| DAMON LANDOR | SECTION "K" |

### ORDER AND REASONS

Before the Court is petitioner Damon Landor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 365). Damon Landor ("Landor") seeks to collaterally challenge the constitutionality of the judgment of conviction and sentence based on his alleged ineffective assistance of counsel "both by virtue of an intentionally bad-faith plea agreement from the government which was exacerbated by counsel's willful and intentionally erroneous advice." (Doc. 365 at 5). He also seeks appointment of counsel and an evidentiary hearing. Having reviewed the pleadings, memoranda and the relevant law, the Court finds no merit in the motion.

**Background**

An eleven count indictment was handed down by a grand jury on November 12, 2003, charging Landor, along with ten other co-defendants with violation of the Controlled Substances Act. Each were charged in Count One with conspiracy to distribute and to possess with intent to distribute an unspecified quantity of cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841 (b)(1)(C) and 846. In Count 3, Landor was also charged with use of a communication facility to commit, cause, and facilitate the conspiracy to distribute and to possess with intent to distribute an unspecified quantity of crack.

On February 9, 2004, a bill of information was filed pursuant to 21 U.S.C. §§ 851(a) and 841 to establish that on April 16, 1998, Landor was convicted of distribution of cocaine, a felony, in the 22nd Judicial District court of St. Tammany Parish, Louisiana, triggering the enhanced sentences found in § 841. (Doc. 105). There were other convictions which the Government could have used to multiple bill Landor as well–possession of cocaine and distribution of an imitation or counterfeit controlled dangerous substance, falsely representing it to be a controlled substance– but they were not included these other crimes in the February enhancement bill.

On March 22, 2004, a single count superseding bill of information was filed against Landor charging him with conspiracy to distribute and to possess with intent to distribute more than 500 grams, but less than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. 155).

On March 31, 2004, pursuant to a plea agreement signed by Landor, defense counsel and government counsel, Landor entered a plea of guilty to the single count superseding bill of information. In the plea agreement itself, the mandatory minimum sentence for Landor of ten years up to a maximum sentence of life was stated unequivocally. At the time of his rearraignment, the Court, in addition to explaining the elements of the offense and defendant's right to trial, specifically informed Landor of the ten year minimum mandatory sentence. The Court asked Landor if he understood that he faced a minimum sentence of 10 years twice during the colloquy to which he responded affirmatively.

At the time of his rearraignment, the factual basis, which was signed by the defendant and his counsel, was read in open court and acknowledge to be true by the defendant. Therein, it stated that Landor distributed cocaine to or received cocaine from the individuals charged in Count One

of the Indictment and that Landor was responsible for a total of more than 500 grams, but less than two kilograms, which is a substantially lower quantity–three kilograms less–than what he potentially could have had attributed to him for purposes of Sentencing Guideline calculations under the Superseding Bill of Information.  At the time of the rearraignment, the Court also unequivocally informed the defendant and he acknowledged that he was waiving all of his post-conviction remedies, save for constitutional deficiencies such as ineffective assistance of counsel.  Finally, at the conclusion of the proceedings, the Court inquired of Landor whether he understood the charge against him, whether he was pleading guilty because he was in fact guilty, and whether he was pleading guilty voluntarily and of his own free will, and whether after listening to the entire proceedings, which outlined the entirety of the maximum and mandatory minimum penalties, his rights, the plea agreement, and the factual basis underlying his charge, he still wanted to plead guilty.  Landor indicated that he indeed wanted to plead guilty and the Court accepted his plea.

On May 19, 2004, prior to his being sentenced, defendant sent a letter to the Court stating his desire to have his attorney removed because he contended that counsel had refused to discuss whether or not "the government intended to keep its promise not to file an enhancement."  The Court forwarded the letter to counsel, and Landor contends that counsel then spoke directly with him and "told him that it was too late to do anything about the enhancement because it had already been filed."  (Doc. 365 at 10).[1]

On June 14, 2004, Landor's counsel, Dane Ciolino, responded to the Court as follows:

---

[1] Landor was rearraigned with 3 other defendants.  Considering that others were told that their minimum sentence was five years as opposed to Landor's being 10 years, it was clear that the bill of information that enhanced his sentence had already been filed.  Counsel for defendant had no control over the filing of same, and the plea agreement was signed well after the enhancing bill been filed by the Government and contained an explanation of the statutory minimum sentence therein.

>       On May 21, 2004, I received a copy of a letter that Mr. Landor wrote to you complaining about various matters. I thereafter wrote to Mr. Landor and have the following to report.
>
>       Mr. Landor contended in his letter that I promised him that he would 'not be billed under any circumstances.' At the time of his plea, Mr. Landor had *already been billed* as a multiple offender for a single prior conviction. Both AUSA Duane Evans and I informed him that if he pled guilty, the government would refrain from billing him with any additional prior convictions. Furthermore, at the time of Mr. Landor's guilty plea, Mr. Evans and I told him that he would likely receive a statutory mandatory minimum sentence of 10 years. In any event, although Mr. Landor may object to a Guidelines computation using the multiple bill, he has informed me that he does not wish to seek to withdraw his guilty plea.

(Exhibit H to the Government's Memorandum).

The Presentence Investigation Report ("PSR") noted that there is a statutory minimum term of imprisonment. The calculations disclosed a guideline range of 92 to 115 months. That range was based on a determination of a base offense level of 23 which was the result of the government's agreement to limit the amount of drugs attributed to the defendant in the factual basis. Had the defendant gone to trial and been found guilty of the conspiracy alleged in Count One of the original Indictment, he would have had attributed to him as a member of the conspiracy all of the drugs involved therein which were far in excess of two kilograms. However, in the plea agreement and the Superseding Bill of Information, the amount was reduced.

No written objections to the PSI were filed; however, counsel for defendant did raise a number of objections that Mr. Landor raised to him on the morning of sentencing. They included objections to the criminal history point calculations which could have impacted the guidelines; counsel explained that his review of the record would not allow him in good faith to argue these objections, but he asked they be noted. Furthermore, as there was a mandatory statutory minimum to which the Court by law had to sentence Landor, the Court found the objections to be irrelevant.

The Court, as required by the statute, sentenced Landor to 120 months imprisonment with an eight year term of supervised release. The judgment was filed into the record on July 13, 2004; Landor did not file a notice of appeal. However, he did file the instant motion on December 14, 2004.

**Issue Presented**

The defendant frames the basis for the relief sought as follows:

> Ineffective assistance of counsel/invalid guilty plea procedure: that the defendant's current 120 month sentence is unlawful in that it is the product of woefully ineffective assistance from his counsel of record; the facts of which demonstrate a violation of the defendant's constitutional right to a fair trial and due process of law, both by virtue of an intentionally bad-faith plea agreement from the government which was exacerbated by counsel's willful and intentionally erroneous advice.

(Doc. 365 at 5). Specifically, he contends that (1) he was unaware that the government had filed a bill of information to establish his prior conviction which resulted in a mandatory minimum 10 year imprisonment sentence; (2) his counsel mislead him to believe that he could be held accountable in the drug conspiracy for five kilograms or more of cocaine; (3) that counsel failed to inform him that by entering in the plea agreement he was waiving his right to challenge his sentence. Based on these alleged defalcations, Landor maintains that he is the victim of ineffective assistance of counsel. As noted, Landor also seeks appointment of counsel and an evidentiary hearing. The Court will deal with these two requests first.

**Request for Appointment of Counsel and Request for an Evidentiary Hearing**

With respect to Landor's request for the appointment of counsel, the Supreme Court has made it clear that a convicted defendant has no Sixth Amendment right to counsel in post-conviction habeas proceedings. *Irving v. Hargett* 59 F.3d 23, 26 (5th Cir. 1995) *citing Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Callins v. Johnson*, 89 f.3d 210, 212 (5th Cir. 1996). Furthermore, the Court finds that the allegations contained in this motion so frivolous that there is no basis for such an appointment. Accordingly, this request will be denied.

As to the request for and evidentiary hearing, the motion, files and records of the case conclusively show that the prisoner is entitled to no relief, as explained in detail hereafter. As such, under 28 U.S.C. § 2255, the request for an evidentiary hearing will likewise be denied.

**Analysis**

**Waiver of Right to Collaterally Attack Sentence**

"An informed and voluntary waiver of post-conviction relief is effective to bar such relief. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Nonetheless, an ineffective assistance of counsel challenge may not necessarily be included in such a waiver. *Id.* "Only when the claimed assistance directly affected the validity of that waiver or the plea itself" can an ineffective assistance of counsel claim survive that waiver. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. *U.S. v. Melancon,* 972 F.2d 566, 567 (5th Cir.1992). A defendant must know that he had a 'right to appeal his sentence and that he was giving up that right.' *Id.* at 568." *U.S. v. Portillo* 18 F.3d 290, 292 (5th Cir. 1994). This Court is convinced that Landor had such knowledge.

It is beyond cavil, considering the Court's intensive inquiry at the time of the plea, that

6

Landor knowingly waived his right to file for post-conviction relief including the filing of the instant motion pursuant to 28 U.S.C. § 2255. He was specifically informed, as he has noted in his own filings, that the Court told him that he was waiving these rights. In that portion of the colloquy, the Court stated:

> Specifically, do you understand that you have waived your right to appeal any sentence that I may impose including your rights to appeal under 18 U.S.C. § 3742 which provides for review of a sentence and under 28 U.S.C. § 2255 which provides for post conviction remedies if there is a legal or constitutional basis for you to attack the conviction. Because you have waived these rights, you may appeal your conviction and/or sentence only under the following exceptions: first, you may appeal if I impose a sentence in excess of the statutory maximum. Second, you may appeal if I impose a sentence which constitutes an upward departure from the guideline range. Also you may appeal your sentence if you can show that you were deprived of certain constitutional rights, including the effective assistance of counsel.

In addition, the defendant attested in open court that he understood the plea agreement which defendant signed.

With respect to the voluntary nature of the plea, the Court specifically inquired whether he was influenced, induced or persuaded, in any manner, to plead guilty because of any threats made by anyone, to which he answered negatively. There is no evidence of any actual or threatened physical harm, or mental coercion overbearing the will of the defendant. Again, at the time of the plea, the Court specifically questioned and was satisfied that the defendant was entering into the plea voluntarily.

This belief is compounded by the correspondence received from defendant and his counsel after his plea as outlined above. As noted, Landor stated unequivocally in a letter to the Court that he was guilty of the charge and that he was not going to trial. Thus, the waiver was effective to bar this filing; there is nothing in this record to indicate that the waiver and plea were not entered into voluntarily and with full knowledge by Landor.

**Ineffective Assistance of Counsel**

As this Court noted previously in *U.S. v. Knapper*, 2003 WL 22038369 (E.D.La., August 23, 2003):

> In *White,* the Fifth Circuit held that "a defendant can waive his right to file a section 2255 motion, although such a waiver might not apply to an ineffective assistance of counsel claim." *White,* 307 F.3d at 339. The court stated that an ineffective assistance of counsel claim could proceed in one of two ways: 1) a defendant may argue that the ineffective assistance of his counsel rendered his waiver involuntary; or 2) a defendant may argue that he received ineffective assistance of counsel at his sentencing and that all ineffective assistance of counsel arguments are immune from waiver. *Id.*

*Id.* at *3-4. After reviewing Landor's brief, it appears that he is arguing the first alternative: that the ineffective assistance of counsel rendered his waiver involuntary.

To make a valid claim for ineffective assistance of counsel, Landor must demonstrate both prongs of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that 1) his counsel's performance was deficient; and 2) his counsel's deficient performance prejudiced his defense. 466 U.S. at 687. As to the first prong of the test, a defendant must show that "counsel's representation fell below and objective standard of reasonableness." *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(citing *Strickland,* 466 at 694). The defendant must also show, however, that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* This two-part test applies when a defendant challenges his guilty plea based on ineffective assistance of counsel. *Hill* 474 at 58. In this context, the "prejudice" requirement hinges on whether counsel's constitutionally defective performance caused the defendant to plead guilty. *Id.* at 59. In other words, the defendant

must prove that there is a reasonable probability that "but for" counsel's errors "he would not have pleaded guilty and would have insisted on going to trial.

In the present case, as previously noted, Landor contends that his counsel was ineffective because (1) he was unaware that the government had filed a bill of information to establish his prior conviction which resulted in a mandatory minimum 10 year imprisonment sentence; (2) his counsel mislead him to believe that he could be held accountable in the drug conspiracy for five kilograms or more of cocaine; (3) that counsel failed to inform him that by entering in the plea agreement he was waiving his right to challenge his sentence.  As demonstrated above, clearly, Landor was aware of the mandatory statutory minimum sentence of 10 years and that he waived his right to challenge his sentence.

As to his "misleading him to believe" that he could be held accountable in the drug conspiracy for five or more kilograms of cocaine, Landor is sorely misinformed as to the law.  Under U.S.S.G. §1B1.3 of the United States Sentencing Guidelines, if Landor had proceeded to trial and had been convicted, because he was charged as a conspirator in a drug conspiracy, the calculation of his guidelines would have been determined on the basis not only of his acts and omissions, but also "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id*.  Christian Bickham plead guilty to the drug conspiracy and admitted distributing between 15 and 50 kilograms of cocaine.  He admitted that he had knowledge that his cocaine was being converted into, between 150 to 500 grams of cocaine base.  Ike Laurant and Jerome Vince, two other co-defendants plead guilty to either distributing or conspiring with others to distribute or to possess

9

with intent to distribute between 5 and 15 kilograms of cocaine. Thus, had Landor proceeded to trial and was convicted of the conspiracy count, Landor would have been subject to a mandatory minimum prison sentence of 20 years, with the § 851 bill of information. Had the Government chosen to file prior to trial another bill under § 851 charging him with two prior felony drug convictions, and he was convicted under § 841(a)(1), he would have faced a mandatory life sentence.

Thus, the premise upon which Landor filed this motion is erroneous. Furthermore, in light of these facts, it is impossible to find that his counsel acted in any manner deficient; indeed, Landor obtained significant sentencing advantages by virtue of the subject plea. Likewise, there is no prejudice, considering that Landor's attesting to having committed the crime at the plea and in his subsequent letter to the Court wherein he stated that he was guilty of the charge. Landor has neither shown, nor demonstrated a reasonable probability that but for his counsel's advice he would have insisted in going to trial. Accordingly,

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 365) is **DENIED** and judgment shall be entered dismissing same with prejudice.

New Orleans, Louisiana, this  18th   day of August, 2005.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**